UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOE FELDER,

                                    Plaintiff,

              -vs-                                            09-CV-644(JTC)

DR. LESTER WRIGHT,

                                    Defendant.
_____

APPEARANCES:    JOE FELDER, Plaintiff *Pro Se.*

                ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL OF THE
                STATE OF NEW YORK, (GEORGE MICHAEL ZIMMERMAN,
                ASSISTANT ATTORNEY GENERAL, OF COUNSEL), Buffalo,
                New York, Attorneys for Defendant.


## INTRODUCTION

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 seeking compensatory

damages for the alleged deliberate indifference to his serious medical needs and the

deprivation of medical care.  Currently pending before the court is the defendant's motion

for summary judgment (Item 20).


## BACKGROUND

Plaintiff commenced this action on July 16, 2009 with the filing of a *pro se* complaint

pursuant to Title 42 U.S.C. § 1983 (Item 1).  Plaintiff seeks compensatory damages for the

alleged deliberate indifference to his medical needs in violation of his rights under the

Eighth Amendment to the United States Constitution.  He alleges that the defendant, Dr.

Lester Wright, denied his request for surgery to his left shoulder to relieve the pain of

broken bone fragments caused by a previous injury.[1]  In an order filed August 24, 2009, plaintiff was granted permission to proceed *in forma pauperis* (Item 6).

Defendant filed an answer to the complaint on January 11, 2010 (Item 7).  On April 16, 2010, with the consent of the parties, the matter was referred to United States Magistrate Judge H. Kenneth Schroeder, Jr.  pursuant to 28 U.S.C. § 636(c) for all further proceedings, including the entry of judgment (Item 12).  Following the parties' exchange of discovery materials, on December 23, 2010, defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that he lacked any personal involvement in the plaintiff's medical care (Item 20).  The notice of motion contained a "Notice to Pro Se Litigants Opposing Summary Judgment," in which plaintiff was advised that he may not oppose summary judgment simply by relying on the allegations in the complaint. Additionally, plaintiff was warned that if he failed to respond to the motion for summary judgment "on time with affidavits or documentary evidence contradicting the facts asserted by defendant, the Court may accept defendant's factual assertions as true" and enter judgment in favor of defendant.  *Id.*

On January 3, 2011, plaintiff filed a motion seeking an extension of time in which to respond to the motion for summary judgment (Item 23).  The court denied the motion as moot, as the time for plaintiff's response had already been extended to February 11, 2011 (Item 24).  Thereafter, plaintiff did not file a substantive response to the motion. Instead, he filed four separate documents seeking additional discovery, all after the date on which he was to have filed his response to the motion (Items 25-28).  Specifically, he

---

[1]  The court notes that plaintiff ultimately received the surgery he sought.

sought the name and the employer of the person who initially denied his surgery (Item 25), the names of all staff members of the office with the responsibility of scheduling inmate appointments with outside specialists and any documents relating to the denial of surgery (Item 26), a statement specifying whether defendant Wright had been informed of the denial of plaintiff's surgery (Item 27), and any documents relating to the denial and subsequent approval of the surgery (Item 28).

On July 17, 2012, the case was transferred to the docket of the undersigned (Item 29). The court has determined that oral argument is unnecessary. For the reasons that follow, defendant's motion for summary judgment is granted, and the complaint is dismissed.

## FACTS[2]

In approximately 2001, plaintiff injured his left shoulder when he was pushed into a wall during an altercation (Item 22, Exh. A, "Felder Dep.," p. 11). He started experiencing intermittent pain in the shoulder in approximately 2004 or 2005. *Id.,* p. 12. Plaintiff was incarcerated at the Attica Correctional Facility ("ACF") in October 2007. In approximately January 2008, the pain became worse, radiating from his neck and shoulder down through his arm and causing numbness in his fingers. *Id.,* p. 16.

On January 15, 2008, plaintiff complained to the medical staff at ACF about his shoulder pain and was given a sling to wear on his left arm. He stated that the sling made the pain worse (Felder Dep., p. 17; Item 21, Exh. A., p. 87). Plaintiff testified that he saw a Physician's Assistant ("PA") at ACF approximately once a month because he suffers from

---

[2] This factual statement is taken from the plaintiff's medical records (Item 21, Exh. A), the plaintiff's deposition testimony (Item 22, Exh. A), and the affidavit of Lester Wight, M.D. (Item 21).

high blood pressure, and would complain of his shoulder pain whenever he saw the PA (Felder Dep., pp. 18 - 19).   In July 2008, plaintiff's medical records indicate that he complained of shoulder pain.   He was given Motrin for the pain and the PA ordered an x-ray of his shoulder (Item 21, Exh. A., p. 76).   In August 2008, the records indicate that the x-ray showed a widening of the left shoulder AC joint and separated bony fragments.   *Id.,* p. 135.

In January 2009, plaintiff again complained of shoulder pain.   The PA examined him and noted a full range of motion with pain (Item 21, Exh. A, p. 45).   Plaintiff was prescribed Feldine for the pain, and physical therapy.   *Id.*   On April 6, 2009, the PA recommended an orthopedic evaluation and continued plaintiff on Valtarin for pain.   *Id.,* p. 41.

On May 14, 2009, plaintiff was evaluated by orthopedic surgeon Gerald Coniglio (Item 21, Exh. A., pp. 629-630).   Dr. Coniglio recommended a joint resection.   *Id.* Approximately one week later, plaintiff asked the nurse at ACF about the surgery and was told that the request for surgery had been denied.   *Id.,* p. 39; Felder Dep., p. 31.

Plaintiff filed a grievance relating to the denial of his surgery on May 21, 2009 (Felder Dep., p. 40).   Thereafter, the surgery was approved and was performed on July 26, 2009.   *Id.,* p. 41; Item 21, Exh. A., p. 626.   Following the surgery, plaintiff was prescribed pain medication and physical therapy (Felder Dep., pp. 43-44).   He still has occasional pain, but "nothing like prior to the surgery."   *Id.,* p. 47.

In support of the motion for summary judgment, Dr. Lester Wright stated that, at all times relevant to this lawsuit, he was the Deputy Commissioner and Chief Medical Officer of the New York State Department of Corrections ("DOCS") (Item 21, ¶ 1).   He was not

4

involved in the plaintiff's personal care at ACF, had no knowledge of the events alleged by plaintiff in this case, and did not create or endorse any policy that allowed the alleged events to occur. *Id., ¶¶* 7-9. Dr. Wright reviewed plaintiff's medical records and noted that the treatment of plaintiff's shoulder injury, over the course of one year and seven months, "followed the accepted course of starting with the most conservative treatment (i.e. a sling and medication), followed by more intensive treatment (physical therapy) before resorting to the most invasive treatment (surgery)" and was "consistent with the prevailing standards of medical care." *Id., ¶¶* 33-34.

## DISCUSSION

### 1. Summary Judgment Standard

Rule 56 provides that, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the language of this Rule has been amended in recent years, the well-settled standards for considering a motion for summary judgment remain unchanged. *See, e.g., Faulkner v. Arista Records LLC*, 797 F. Supp. 2d 299, 311 n.7 (S.D.N.Y. 2011). Under those standards, the party seeking summary judgment bears the initial burden of establishing that no genuine issue of material fact exists. *Rockland Exposition, Inc. v. Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 Fed. Appx. 387 (2d Cir. 2011). A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Id.*

5

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). The nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars showing that a trial is needed . . . ." *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotation marks and citation omitted) (quoted in *Kaminski v. Anderson*, 792 F. Supp. 2d 657, 662 (W.D.N.Y. 2011). In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

The court recognizes its duty to "extend extra consideration" to *pro se* plaintiffs and that "*pro se* parties are to be given special latitude on summary judgment motions." *Bennett v. Goord*, 2006 WL 2794421, at *3 (W.D.N.Y. Aug. 1, 2006), *aff'd*, 2008 WL 5083122 (2d Cir. 2008) (quoting *Salahuddin v. Coughlin*, 999 F. Supp. 526, 535 (S.D.N.Y. 1998)); *see also McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (*pro se* party's pleadings should be read liberally and interpreted "to raise the strongest arguments that they suggest"). "Nevertheless, proceeding *pro se* does not otherwise relieve a litigant from the usual requirements of summary judgment, and a *pro se* party's 'bald assertion,'

6

unsupported by evidence, is not sufficient to overcome a motion for summary judgment."

*Cole v. Artuz*, 1999 WL 983876, at *3 (S.D.N.Y. October 28, 1999) (citing cases).

Defendant contends that summary judgment should be granted dismissing the complaint as plaintiff has failed show defendant's personal involvement in the alleged violation of plaintiff's Eighth Amendment rights. Additionally, defendant argues that plaintiff has not shown deliberate indifference to his medical needs.

**2.     Procedural Posture of the Case**

The court notes that plaintiff has failed to file a substantive response to the motion for summary judgment. Instead, he filed four documents seeking additional discovery. In Items 25 through 28, plaintiff seeks information regarding the identity of the person who denied his surgery and any documents regarding the denial and subsequent approval of his shoulder surgery. The court will construe those documents as motions seeking relief under Fed. R. Civ. P. 56(d). That Rule provides that the court may defer consideration of the motion or allow additional time for discovery if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion.

Having reviewed the record, the court finds that there is no basis upon which to defer consideration of the motion for summary judgment and no need for further discovery. All the information necessary to resolve plaintiff's claim is in the medical records. Accordingly, the plaintiff's motions (Items 25 - 28) are denied, and the court will proceed to the substance of the defendant's motion.

A party's failure to respond to a summary judgment motion "does not [alone] justify the granting of summary judgment." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2d Cir. 2004). Instead, as the Second Circuit has explained,

> where the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden. . . . Moreover, . . . the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement [but] must be satisfied that . . . evidence in the record supports the assertion[s contained therein]. . . .

> An unopposed summary judgment motion may also fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.

*Id.* (internal quotations omitted) (citing, *inter alia*, *Giannullo v. City of New York*, 322 F.3d 139 (2d Cir. 2003)).  In short, just as with a contested motion for summary judgment, the court "must review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."  *Id.* at 246 (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).

### 3.    Personal Involvement

Defendant first argues that summary judgment should be granted because plaintiff has failed to show any personal involvement on his part in the alleged deprivation of plaintiff's Eighth Amendment rights.   In order to state a claim for relief under section 1983, the plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)).  "Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Havut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003).  A complaint based upon a violation under section 1983 that does not allege the personal involvement of a defendant fails as a matter of law.  *See Johnson v. Barney*, 360 Fed. Appx. 199 (2d Cir. January 12, 2010).

Here, while plaintiff names only Dr. Lester Wright as the defendant, the complaint is wholly devoid of any allegations of personal involvement by Dr. Wright in any of the alleged conduct underlying plaintiff's section 1983 claim.  Additionally, Dr. Wright has averred that he had no direct involvement in plaintiff's medical care, had no knowledge of the events alleged by plaintiff in this case, and did not create or endorse any policy that allowed the alleged events to occur.  In the absence of any allegations against Dr. Wright, the court cannot reasonably construe plaintiff's complaint to allege the personal involvement of Dr. Wright in any unconstitutional conduct.  Accordingly, the complaint against Dr. Wright is dismissed.

9

4.      **Deliberate Indifference**

Even if the plaintiff had shown the personal involvement of Dr. Wright, or had properly sued the appropriate parties who were directly responsible for his medical care, his complaint would nonetheless be dismissed.  There is no view of the medical records that would support plaintiff's claim that he was denied medical care in deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Title 42 U.S.C. § 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "In order to maintain a section 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see also Kasiem v. Guzman*, 2011 WL 4352387, at *3 (W.D.N.Y. September 16, 2011).

 "The Eighth Amendment's prohibition against cruel and unusual punishment has been construed to include the denial of adequate medical care for an inmate's serious medical needs."  *Woods v. Goord*, 2002 WL 31296325, *2 (S.D.N.Y. October 10, 2002); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The care provided to prisoners to treat their injuries or illnesses must meet

minimum medical standards of adequacy and be reasonably intended to satisfy their medical needs.  To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. at 106; *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000).

Under 42 U.S.C. § 1983, every claim for deliberate indifference to a serious medical need must pass a two-pronged test consisting of objective and subjective elements.  First, the court must determine whether, objectively speaking, plaintiff's condition is such that the alleged deprivation of medical assistance is "sufficiently serious."   *Woods*, 2002 WL 31296325, at *3 (citing *Hathaway v. Coughlin*, 37 F.3d 63, 66–67 (2d Cir.1994)); *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Second, the court must consider whether the official "'knew that an inmate faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable measures to abate it.'"  *Woods*, 2002 WL 31296325 at *3 (internal cites and alterations omitted); *Harrison v. Barkley*, 219 F.3d at 137.

A serious medical need is one with some urgency or one which, if ignored, may produce death, degeneration, or extreme pain.  *Hathaway,* 37 F.3d at 66.  As the Second Circuit held in *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003), there is no precise metric to guide the court in its estimation of the seriousness of a prisoner's medical condition.  Any inquiry into the objective component of an Eighth Amendment claim must be tailored to the specific facts of each case.  *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003).  In *Chance v. Armstrong*,143 F.3d 698, 702 (2d Cir. 1998), the court set forth a

non-exhaustive list of factors that are relevant to the inquiry whether a given medical condition is serious.  These factors include: (1) whether a reasonable doctor or patient would perceive the medical need in question as "important and worthy of comment or treatment;" (2) whether the medical condition significantly affects daily activities; and (3) "the existence of chronic and substantial pain."  *Chance,* 143 F.3d at 702.

The court recognizes that chronic pain can be a serious medical need for purposes of the Eighth Amendment.  However, even assuming that plaintiff's shoulder pain constituted a serious medical need, there is no evidence of defendants' deliberate indifference to that medical need.  "A difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference."  *Sonds v. St. Barnabas Hosp. Corr. Health Serv.,* 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001); *see also Chance,* 143 F.3d 698 at 703 ; *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y.1988) ("[T]here is no right to the medical treatment of one's choice if the prescribed treatment is based on applicable medical standards.").  Additionally, "[m]ere delay in the rendering of medical treatment in and of itself does not rise to the level of a constitutional violation."  *Smith v. Montefiore Med. Ctr.-Health Serv. Div.*, 22 F. Supp. 2d 275, 280 (S.D.N.Y. 1998).  "Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred."  *Sonds,* 151 F. Supp. 2d at 311; *see also Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986).  "To demonstrate a constitutional violation, a plaintiff must show that he sustained substantial harm because of the delay in the rendering of medical treatment."  *Smith,* 22 F. Supp. 2d at 280.  "As long as the medical care is adequate, there is no Eighth

Amendment violation." *Sonds*, 151 F. Supp. 2d at 311; *see also Wandell v. Koenigsmann*, 2000 WL 1036030, *3 (S.D.N.Y. July 27, 2000) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

In this case, plaintiff was seen by the medical staff at ACF regularly due to high blood pressure.  When he complained of shoulder pain, he was treated with a sling, various pain medications, diagnostic x-rays, and physical therapy.  When those treatments proved unsuccessful, plaintiff was examined by a orthopedic specialist who recommended surgery.  Although the request for surgery was initially denied, it was subsequently approved, and plaintiff underwent successful surgery within two months of his consultation with the specialist.  Even granting plaintiff the benefit of every favorable inference, it cannot be said that this medical care was inadequate or evinces deliberate indifference on the part of the defendant.  Based on the foregoing, no reasonable jury could find that the defendant acted with deliberate indifference to plaintiff's medical needs in violation of his rights under the Eighth Amendment.

## CONCLUSION

The defendant's motion for summary judgment (Item 20) is granted and the complaint is dismissed.  The Clerk is directed to enter judgment in favor of defendant and to close this file.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion,

to the United States Court of Appeals for the Second Circuit, in accordance with Rule

24 of the Federal Rules of Appellate Procedure.

      So ordered.

                                      _____

                                        JOHN T. CURTIN
                               United States District Judge

Dated:   August 8, 2012
p:\opinions\09-644.jul182012

14